IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| PATRICK FLORENCE, | : |
| Plaintiff | : |
| VS. | : 1 : 04-CV-38 (WLS) |
| DR. ANKOH, et al., | : |
| Defendants. | : |

**ORDER**

Presently pending in this § 1983 action are various motions filed by the plaintiff. The plaintiff filed this action in March 2004, alleging that the defendants acted with deliberate indifference to his serious medical needs while he was confined at Autry and Lee State Prisons.

*Motions for discovery*

The plaintiff filed a "motion for discovery" in September 2004, seeking copies of his medical records from defendants Ankoh and Graham and asserting that he cannot afford to pay for copies of the requested documents. As the court has stated before, the plaintiff's *in forma pauperis* status does not entitle him to free copies of discovery documents. Plaintiff's "motion for discovery" is **DENIED**.

The plaintiff has also filed a Motion to Extend the discovery period as to defendants Haynes and Roberts. Inasmuch as these defendants have not yet filed an Answer to the plaintiff's complaint, with their pre-answer Motion to Dismiss having been denied in February 2005, an extension or re-opening of the discovery period is appropriate herein. Once defendants Haynes

and Roberts file their answer, as directed herein, the discovery period shall be re-opened, as to these defendants only, for a period of **sixty (60) days**.  Plaintiff's Motion to Extend the discovery period is accordingly **GRANTED**.

*Motions for appointment of counsel*

Presently pending are two (2) motions for appointment of counsel.  The court has previously indicated that on its own motion it will consider obtaining legal representation for the plaintiff if and when it becomes apparent that such legal assistance is required to avoid prejudice to his rights.  Thus far, the plaintiff has clearly set forth his contentions.  The plaintiff has not alleged any change in the case such that exceptional circumstances now exist to warrant appointment of legal counsel and the court is of the opinion that legal assistance is not now required.  Accordingly, the plaintiff's motions for appointment of counsel are **DENIED**.

*Motions to compel*

Presently pending are three (3) motions to compel, in which the plaintiff seeks more complete discovery responses from the defendants.  However, as the defendants point out, the last two (2) of these motions are unaccompanied by a certification of plaintiff's good faith effort to resolve the discovery dispute(s) without court intervention, prior to the filing of motions to compel, as required by Local Rule 37.  Additionally, although the plaintiff attached to the first motion to compel a statement certifying that he had conferred in good faith with the defendants, he does not provide any details or a copy of such good faith effort.  Defense counsel states that plaintiff did not confer with him prior to the filing of any of his motions to compel.  Based on the absence of evidence that the plaintiff in fact made a good faith effort to confer with defense counsel regarding the discovery disputes at issue, plaintiff's pending motions to compel are

hereby **DENIED**.

*Miscellaneous motions*

Also pending are plaintiff's Motion to Stay these proceedings, Motion for a Hearing, and Motion to Strike the defendants' Motion to Dismiss and Motion for Summary Judgment, all of which address the alleged seizure of plaintiff's legal materials during the pendency of this action. Finding no merit or justification for the relief requested by the plaintiff in these motions, they are hereby **DENIED**.

In a Motion to Amend filed in November 2004, the plaintiff attempts to add defense attorney Rick Collum as a party defendant herein. The court finds an inadequate basis upon which to grant said motion, inasmuch as plaintiff's theory of an alleged conspiracy in which Collum orchestrated the removal of plaintiff's legal materials is merely conclusory. Accordingly, plaintiff's Motion to Amend is hereby **DENIED**. Plaintiff's request for sanctions based on Collum's actions is also **DENIED**.

Finally, the plaintiff has filed a Motion for an Extension of Time in which to file a response to defendants Ankoh and Graham's Motion for Summary Judgment. To the extent that the plaintiff has not yet filed a response to this motion, plaintiff's Motion for an Extension is **GRANTED**. The plaintiff shall have an additional **thirty (30) days** from the filing date of this order in which to file a response to Ankoh and Graham's Motion for Summary Judgment.

The court notes that on February 24, 2005, the court issued an order denying the defendants' Motion to Dismiss. Pursuant to Rule 12 (a)(4)(A) of the Federal Rules of Civil Procedure, the defendants then had ten (10) days, after notice of the court's action, in which to file an answer. These defendants are **DIRECTED** to file their answer to the plaintiff's complaint

WITHIN TEN (10) DAYS of the filing of this order.

**SO ORDERED**, this 17th day of June, 2005.

   /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb