IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PATRICK FLORENCE, | : | |
| Plaintiff | : | |
| VS. | : | **1 : 04-CV-38 (WLS)** |
| DR. ANKOH, et al., | : | |
| Defendants. | : | |

### RECOMMENDATION

Presently pending in this § 1983 action are various motions filed by the plaintiff. The plaintiff filed this action in March 2004, alleging that the defendants acted with deliberate indifference to his serious medical needs while he was confined at Autry and Lee State Prisons.

*Motion for Default Judgment*

The plaintiff filed a Motion for Default Judgment in September 2004, asking that a default be entered against defendants Haynes and Roberts based on their failure to file an answer herein. In response, these defendants argue that they filed a pre-answer motion to dismiss and were thereby relieved of filed an answer until said motion to dismiss had been ruled upon. At the time the plaintiff filed his Motion for the Entry of Default, the court had not yet ruled upon the defendants' Motion to Dismiss. Therefore, these defendants were not yet required to file an answer herein and the plaintiff's request for the entry of default is without basis and it is the recommendation of the undersigned that this motion be **DENIED**.

*Motion for Injunctive Relief*

In his Motion for Temporary Restraining Order and Preliminary Injunction, the plaintiff seeks an order directing defendants Graham, Haynes and Roberts to return his personal legal materials confiscated

while he was confined at Lee State Prison. In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motion reveals no basis for the issuance of an injunctive order. The plaintiff has not established that he is entitled to injunctive relief, i.e., there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries. Accordingly, it is the recommendation of the undersigned that the plaintiff's Motion for Injunctive Relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 17th day of June, 2005.

　　　　　　　　　　　　　　　　　　　　　　/s/ *Richard L. Hodge*
　　　　　　　　　　　　　　　　　　　　　　RICHARD L. HODGE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

asb