IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PATRICK LEN FLORENCE, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 04-CV-38 (WLS) |
| Dr. ANKOH, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are motions for summary judgment filed on behalf of the defendants herein. The undersigned notified the plaintiff of the filing of the defendants' motions, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed his complaint on March 25, 2004, raising allegations regarding his medical treatment provided by the defendant physicians and physician's assistants while confined at Autry State Prison and Lee State Prison between April 2002 and March 2004. The plaintiff maintains that while he was confined at Autry State Prison, he was prescribed a "mental health medication" that he identifies as "Texrol", to which he experienced severe reactions. The plaintiff also maintains that he had been diagnosed with degenerative disc disease and experienced back pain, and that once he was transferred to Lee State Prison, he was not provided treatment and was not allowed to see a specialist regarding his back condition. He further alleges that defendant Roberts, the warden at Lee State Prison, conspired with medical staff to assign

plaintiff to work details that he was physically unable to perform.  At all times relevant to this complaint, Dr. Ankoh and Dr. Graham were physicians at Autry and Lee State Prisons respectively, defendant Haynes was a physician's assistant and defendant Roberts was the warden at Lee State Prison.

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  Defendants Ankoh and Graham have supported their motion for summary judgment with their affidavits; defendants Roberts and Haynes' motion for summary judgment is simply a reiteration of defendants Ankoh and Graham's motion.

The defendants argue that the plaintiff did not suffer from a serious medical condition and that therefore no violation of his Eighth Amendment rights occurred.  Dr. Ankoh states in his affidavit testimony that he examined the plaintiff on January 16, 2002, after neck x-rays had been taken.  Plaintiff complained that the medicine he had been prescribed for back and neck pain,

2

Percogesic, was not alleviating his pain, and plaintiff's prescription was changed to Tegretol. On February 18, 2002, the plaintiff was given an MRI, which, according to Dr. Ankoh, "did not indicate a serious medical condition". On April 1, 2002, the plaintiff as seen with a rash which had developed from his reaction to the Tegretol. The Tegretol was immediately stopped, on April 1, 2002. On April 2, 2002, the plaintiff was sent to Mitchell County Hospital, and by April 12, 2002, the rash due to the Tegretol was resolved. Dr. Graham states in his affidavit that he examined the plaintiff in response to plaintiff's complaints of back pain. Dr. Graham concluded that plaintiff's back pain did not require surgery and that his pain was due primarily to age and inactivity. Diagnostic tests did not reveal a "serious medical condition". Defendants Roberts and Haynes reiterate that the plaintiff has failed to establish a serious medical need and maintain that the evidence shows that they were not deliberately indifferent to plaintiff's medical needs "because the Plaintiff was provided medical care and [it] was determined that the Plaintiff did not have a serious medical condition." Defendants Roberts and Haynes' brief at p. 5.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

In response to the defendants' motions for summary judgment, the plaintiff has submitted his sworn statement, wherein he states under penalty of perjury that "throughout plaintiff [sic]

3

incarceration plaintiff has complain [sic] of medication not working, cramping, burning in lower back, etc. Plaintiff has tried various medications during incarceration". The plaintiff goes on to state that he received x-rays of his back at Autry State Prison in December 2001, but that he has since been denied proper medical treatment by the defendants during the time period at issue, including the prescription of medication that resulted in an adverse reaction, the denial of additional x-rays and treatment by a specialist, and reduced medication.

Viewing the facts in the light most favorable to the plaintiff, the nonmoving party herein, it is clear that the plaintiff has failed to overcome the defendants' summary judgment showing. The defendants' affidavits, which remain essentially uncontroverted by the plaintiff, establish that the defendants examined and provided treatment for the plaintiff while he was confined at Autry and Lee State Prisons and that plaintiff's diagnosis did not necessitate further treatment, i.e., the plaintiff suffered from a degenerative disc condition that was the result of age and inactivity and would improve with exercise. In his affidavit, the plaintiff basically agrees with the defendants' recitation of events and time lines, but argues that he should have received more or different treatment for his back condition and that defendant Dr. Ankoh should not prescribed the medication that resulted in an adverse reaction. The court notes that there is no indication that the plaintiff had suffered prior adverse reactions to the drug in question and that Dr. Ankoh was aware of such reaction when he changed plaintiff's pain medication. To the extent that the plaintiff argues that he required a different course of treatment, including additional treatment by a specialist, additional x-rays, and more or different prescription medications, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).

To the extent that the plaintiff alleges that defendant Roberts somehow conspired with the other defendants to increase plaintiff's workload past his physical capacity, the plaintiff has failed to come forth with sufficient evidence of any such conspiracy. In order to prove a § 1983 conspiracy, the plaintiff must "show that the parties 'reached an understanding' to deny the plaintiff his or her rights. The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy." Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990). Allegation or proof of a conspiracy standing alone is insufficient; "plaintiff must show that the defendants agreed to commit an illegal act." Crowe v. Lucas, 595 F.2d 985, 993 (5th Cir. 1979).

Inasmuch as the plaintiff has failed to overcome the defendants' summary judgment showing that they were not deliberately indifferent to the plaintiff's serious medical needs, it is the recommendation of the undersigned that the motions for summary judgment filed on behalf of the defendants be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 8th day of November, 2007.

/s/ ***Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb